IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Grady Moore, II a/k/a/ Grady Moore; Debra Moore; and Grady Moore, III,<br><br>Plaintiffs,<br><br>vs.<br><br>Nationwide Mutual Insurance Co.; and Westport Insurance Corp.,<br><br>Defendant. | C.A. No. 7:05-540-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on a motion for summary judgment brought by Defendant Nationwide Mutual Insurance Company ("Nationwide") pursuant to Rule 56 of the Federal Rules of Civil Procedure. After review, the court grants Nationwide's motion.

### I. FACTUAL BACKGROUND

Plaintiff Grady Moore, III ("Moore III") was severely injured as a passenger in a single-vehicle accident. The vehicle was insured by Allstate with bodily injury coverage of $100,000. Moore III has received the full liability limits of the Allstate policy in exchange for a covenant not to execute against Allstate's insured. Moore III's parents have an underinsured motorist ("UIM") policy with Nationwide with coverage of $500,000. Moore III's father, Grady Moore, II ("Moore II") also has a commercial automobile policy with Westport Insurance Corporation ("Westport") with UIM coverage of $1,000,000.

Moore II, Debra Moore ("D. Moore"), and Moore III (collectively "plaintiffs") filed this action on January 26, 2005, in the Court of Common Pleas, Spartanburg County, South Carolina, seeking a declaratory judgment as to which UIM coverages are applicable and in what amount. (Compl. ¶¶ 15-16.) With the consent of Westport, Nationwide removed the

1

plaintiffs' action on February 22, 2005.  This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  After removal, Nationwide answered the complaint and filed a cross-claim against Westport, asserting that Westport's policy provides $1,000,000 in UIM coverage for this accident, and accordingly, Nationwide is only liable for a sum of $333,333.33 in excess UIM coverage.  Westport answered the complaint and Nationwide's cross-claims, generally denying the allegations made therein.

In its motion for summary judgment, Nationwide requests that the court declare that Nationwide's maximum UIM coverage for this accident is $333,333.33.  Nationwide has already paid $300,000 of its UIM coverage to Moore III.  Nationwide contends that, under South Carolina statutory and case law, Moore III is prohibited from stacking the excess UIM benefits of Westport and Nationwide.  Instead, Nationwide contends that Moore III's UIM benefits are limited to the highest available coverage under any one policy, which is the $1,000,000 in coverage provided under Westport's policy.  As to that amount, Nationwide asserts that Moore III must divide the UIM benefits owed between Westport and Nationwide pro rata.

The plaintiffs "are in agreement with the facts set forth by . . . Nationwide." (Pls.' Resp. Def.'s Mot. Summ. J. 1.)  Further, the plaintiffs state that "Nationwide . . . accurately quotes the policy provision[s] of [Nationwide's and Westport's] policies" and "appropriately and accurately cite[s]" South Carolina statutory law.  (Id.)  "Plaintiffs, in response to Nationwide's [m]otion, simply reiterate their request for declaratory judgment establishing the total amount of available UIM coverage available under [the] defendants' policies and the priority of payment of same."  (Id.)

2

At the time Nationwide filed the instant motion for summary judgment, Westport had not paid any amount of UIM coverage to Moore III. In a letter dated January 14, 2005, however, Westport recognized that coverage would be afforded to Moore III under Moore II's policy. (Pls.' Resp. Def.'s Mot. Summ. J. Ex. A (Letter from Brad Ellenburg to Moore II of January 14, 2005).) Nonetheless, Westport has not conveyed its position with respect to the amount or priority of coverage available under its policy in relation to Nationwide's coverage.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-moving party's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Nationwide's Motion for Summary Judgment

The court has reviewed the relevant statutory law and applicable policy language

3

discussed in Nationwide's motion for summary judgment and finds that Moore III is prohibited from stacking the excess UIM benefits available under Westport's and Nationwide's policies under South Carolina statutory and case law. "An insured is generally permitted to stack unless limited by statute or by a valid policy provision." Continental Ins. Co. v. Shives, 492 S.E.2d 808, 810 (S.C. Ct. App. 1997). In this case, stacking is limited by both statute and the applicable policies.[1] Indeed, in their response to Nationwide's motion for

---

[1] Section 38-77-160 of the South Carolina Code of Laws provides: "If none of the insured's or named insured's vehicles is involved in the accident, [UIM] coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage." S.C. Code Ann. § 38-77-160 (Law. Co-op. 2002).

As to the relevant policies, the plaintiffs and Nationwide agree that Nationwide's policy states:

> If no vehicle owned by **you** or a **relative** is involved in an accident in which **you** or a **relative** sustains **bodily injury** or **property damage** while **occupying** a **motor vehicle** or otherwise:
> a) coverage under this policy applies as excess to any coverage which applies to the vehicle involved in the accident as primary coverage.
> b) if coverage from more than one policy issued to **you** or a **relative** applies as excess, then the one policy with the highest limit shall set the maximum recovery.

(Nationwide's Mem. Supp. Summ. J. 3; Pls.' Resp. Def.'s Mot. Summ. J. 1.)

Finally, the plaintiffs and Nationwide agree that Westport's insurance policy states:

> Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", if "bodily injury" sustained in an "accident" by you or any "family member", while "occupying" a vehicle not owned by you or any "family member" the most we will pay for all damages resulting from that "accident" will be the highest limit of insurance for this coverage that applies to any one of your covered "autos".

(Nationwide's Mem. Supp. Summ. J. 4; Pls.' Resp. Def.'s Mot. Summ. J. 1.)

4

summary judgment, the plaintiffs agree with Nationwide's discussion of the relevant statutory language and policy provisions.

Because Moore III is prohibited from stacking excess UIM coverage, Moore III's UIM benefits are limited to the highest coverage available under any one UIM policy, which is Westport's $1,000,000 policy. Both Westport's and Nationwide's policies provide that the amount of available UIM coverage should be divided pro rata among excess UIM insurers.[2] Thus, because $1,000,000 is the maximum amount of UIM benefits to which Moore III is entitled, Nationwide's pro rata coverage equals $333,333.33.[3]

---

[2]Nationwide's policy states that:
> if coverage from more than one policy issued to you or a relative applies as excess, then the one policy with the highest limit shall set the maximum recovery. We will pay our share of the loss not to exceed our share of the maximum recovery. Our share will be that percentage our coverage bears to all like coverage (Uninsured Motorists coverage or Underinsured Motorists coverage) applicable as excess.

(Nationwide's Mem. Supp. Summ. J. 5; Pls.' Resp. Def.'s Mot. Summ. J. 1.) The Westport policy states: "We will pay only our share of the loss, not to exceed our share of the maximum recovery. Our share is the proportion that our limit of insurance bears to the total of all applicable limits on the same level of priority." (Nationwide's Mem. Supp. Summ. J. 5; Pls.' Resp. Def.'s Mot. Summ. J. 1.)

[3]Nationwide has UIM liability of $500,000; Westport has UIM liability of $1,000,000. Therefore, Nationwide's percentage of all excess UIM benefits is 33.3% (i.e., $500,000 divided by $1.5 million times 100). The total UIM coverage that Moore III is permitted to recover is $1,000,000. Therefore, the total UIM coverage provided by Nationwide equals $333,333.33.

5

Therefore, it is

**ORDERED** that Nationwide's motion for summary judgment, Document Number 12, is granted. The court declares that Moore III is prevented from stacking UIM coverage, but is entitled to up to $1,000,000 in UIM coverage. As to that amount, Nationwide must pay $333,333.33, of which it still owes $33,333.33, and Westport must cover the remaining $666,666.67.

**IT IS SO ORDERED.**

                s/ Henry M. Herlong, Jr.
                United States District Judge

Greenville, South Carolina
September 20, 2005